Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**JIN DA ZHANG, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

No. 07–1632–ag.

United States Court of Appeals, Second Circuit.

Jan. 23, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Michael Brown, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Brendan P. Hogan, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

Present: WILFRED FEINBERG, GUIDO CALABRESI, ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Jin Da Zhang, a native and citizen of China, seeks review of a March 23, 2007 order of the BIA affirming the July 15, 2005 decision of Immigration Judge ("IJ") Steven R. Abrams, which denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhang, Jin Da,* No. A98 478 167 (B.I.A. Mar. 23, 2007), *aff'g* No. A98 478 167 (Immig. Ct. N.Y. City July 15, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). Similarly, when the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus" the arguments for denying relief that were rejected by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA noted and supplemented some of the IJ's findings, but explicitly rejected the IJ's finding that Zhang's documentary evidence was not reliable because it was unauthenticated. Accordingly, we review the IJ's decision as modified by the BIA. *See id.*

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). Particular deference is given to the trier of fact's assessment of demeanor. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005); *Zhou Yun Zhang,* 386 F.3d at 73–74. However, we will vacate and remand for new findings if the agency's rea-

soning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). We review de novo questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003).

■ We conclude that substantial evidence supports the agency's adverse credibility determination. The record reflects the agency's finding that Zhang was "vague and evasive." For example, when asked where he practices Falun Gong and whether Falun Gong meetings are held outside of a government building, Zhang repeatedly stated "[i]t's not for certain." Because a fact-finder who assesses testimony together with demeanor is in the best position to discern the impression conveyed by the witness most accurately, and because the IJ's demeanor finding was supported by the record, it was an appropriate basis for the IJ's adverse credibility determination. *See Zhou Yun Zhang,* 386 F.3d at 73.

Additionally, the record reflects the agency's observation that Zhang testified inconsistently regarding whether he wrote his name on the outside of a package he sent to his wife. The agency appropriately relied on this discrepancy where it was central to Zhang's claim that he was likely to be persecuted in China because Chinese officials had intercepted the package and linked it to him. *See Secaida–Rosales,* 331 F.3d at 308.

■ Moreover, the IJ reasonably found implausible Zhang's testimony regarding his claim that he was forcibly sterilized. Zhang testified that family planning officials forced him to be sterilized by a doctor who, coincidentally, was a middle school classmate who he convinced to perform a vasectomy that would permit him to regain his reproductive capacity "after a few

years." Given that Zhang's own evidence indicated that reversible sterilizations are "uncommon," the agency's implausibility finding was tethered to the evidentiary record and was reasonable. *See Wensheng Yan v. Mukasey,* 509 F.3d 63, 67 (2d Cir.2007); *Siewe v. Gonzales,* 480 F.3d 160, 169 (2d Cir.2007). Moreover, this evidence was material to Zhang's asylum claim because it undercut Zhang's account of the forced nature of his sterilization, which was the basis of his past persecution claim. *See Zhou Yun Zhang,* 386 F.3d at 74.

■ Likewise, the agency reasonably found implausible Zhang's testimony that he feared being sterilized again if he had more children given that Zhang remained in China after his sterilization and failed to apply for asylum when he visited the U.S. in 2001. Zhang argues that the agency failed to assess his explanation that he did not apply for asylum in 2001 because, having been sterilized, he did not fear that family planning officials would again "inspect" him. However, it is appropriate to presume that the agency considered and reasonably rejected this explanation because the record does not compellingly suggest otherwise. *See Xiao Ji Chen v. U.S.Dep't of Justice,* 471 F.3d 315, 336 n. 17 (2d Cir.2006).

■ Furthermore, the agency appropriately determined that Zhang's documentary evidence did not otherwise establish his claims. *See id.* at 341. The record reflects that the BIA reasonably determined that documents such as a letter from Zhang's wife and an affidavit from Zhang's friend attesting to his Falun Gong practice in the U.S. were too vague to overcome the deficiencies in his testimony. Moreover, given that the weight afforded to documentary evidence lies largely within the discretion of the IJ, the BIA reasonably determined that an affidavit from a friend whom Zhang had not contacted or inquired about

since coming to the U.S. was not entitled to weight. *Xiao Ji Chen,* 471 F.3d at 341–42. Likewise, the BIA reasonably declined to give weight to a "Dismissal Notice" that did not indicate how Zhang's employer in China knew of his Falun Gong activities in this country.

■ Because, taken as a whole, the agency's adverse credibility finding was supported by substantial evidence, it was a proper basis for the denial of Zhang's claims for asylum and withholding of removal and CAT relief where all three claims were based upon the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).